**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTONYA JEROME CAMPBELL | : | |
| | : | |
| Appellant | : | No. 645 WDA 2023 |

Appeal from the Judgment of Sentence Entered May 5, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000062-2023

BEFORE:  DUBOW, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:　　　　　　　**FILED: February 28, 2024**

Appellant Antonya Jerome Campbell appeals from the May 5, 2023 judgment of sentence imposed in the Venango County Court of Common Pleas. He challenges the discretionary aspects of his sentence. After careful review, we affirm.

**A.**

We glean the following relevant procedural history from the trial court opinion and the certified record. Following a domestic violence incident, the Commonwealth charged Appellant on March 6, 2023, with Aggravated Assault, Stalking, Simple Assault, Harassment, and Careless Driving. On March 21, 2023, Appellant entered a guilty plea to Stalking and Simple Assault,[1] in exchange for the Commonwealth's recommendation of an aggregate minimum

---

[1] 18 Pa.C.S. §§ 2709.1(a)(1) and 2701(a)(1), respectively.

sentence of 30 months' incarceration. The court accepted the guilty plea and ordered a pre-sentence investigation ("PSI") report.[2]

On May 5, 2023, the court held a sentencing hearing at which the victim gave a statement, and the Commonwealth urged the court to impose the maximum possible sentence due to Appellant's history of violent crimes and violations of prior court orders. Appellant's counsel acknowledged the 30-month minimum sentence contained in the plea agreement, but argued for a sentence that would allow Appellant to serve his sentence "locally" with the opportunity to take advantage of the program at Hope Ministry. Appellant himself argued for a sentence that included rehabilitation.

After acknowledging its review of the presentence investigation ("PSI") report, as well as its consideration of the circumstances surrounding the offenses, the sentencing guidelines, and the statements made by the victim, Appellant, and counsel, the trial court imposed an aggregate sentence of 30-66 months of incarceration.[3, 4]

---

[2] Although the record does not include notes of testimony from a plea hearing, based on our review of the notes of testimony from the sentencing hearing, we presume the plea hearing occurred and that the court thereafter ordered the PSI report.

[3] For the Stalking conviction, the court imposed a sentence of 27 to 54 months' incarceration. For the Simple Assault conviction, the court imposed a consecutive sentence of 3 to 12 months' incarceration. *See* N.T. Sentencing, 5/5/23, at 10-11.

[4] The court then sentenced Appellant for violating parole ("VOP sentence") at Docket No. CP-61-CR-0000118-2018 ("CR-118-2018"). Although Appellant filed a separate notice of appeal challenging that VOP sentence, this Court *sua*
*(Footnote Continued Next Page)*

Appellant filed a Motion for Modification of Sentence *Nunc Pro Tunc* on May 18, 2023, which the court summarily denied on May 25, 2023.[5]

Appellant filed a Notice of Appeal on June 6, 2023. Both he and the trial court complied with Pa.R.A.P. 1925.

**B.**

Appellant raises one issue for our review:

> The sentence in this case was manifestly excessive and clearly unreasonable when the court sentenced [Appellant] to a state sentence and did not take into account mitigating factors such as [Appellant's] background and the nature of the crime[.]

Appellant's Br. at 2 (capitalization omitted).

**C.**

Because Appellant filed his notice of appeal one day after the appeal period had run, we must first determine if we have jurisdiction to consider the merits of this appeal. ***See Commonwealth v. Green***, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (observing that the timeliness of an appeal implicates this Court's jurisdiction). Relevant to our inquiry, we note that our Rules of Criminal Procedure provide that, at sentencing, "[t]he judge shall determine on the record that the defendant has been advised of. . .the right

---

*sponte* quashed the appeal because counsel failed to respond to our Order to Show Cause. ***See*** Order, Docket No. 646 WDA 2023 (Pa. Super. filed 10/19/23). Accordingly, Appellant's VOP sentence imposed at CR-118-2018 is not before this panel.

[5] Appellant's counsel indicated that Appellant had filed a Motion for Permission to File Post Sentence Motion *Nunc Pro Tunc*. ***See*** Motion for Modification of Sentence *Nunc Pro Tunc*, filed 5/18/23, at ¶7. However, neither the lower court docket nor the certified record contains any such motion.

to file a post-sentence motion and to appeal, [and] the time within which the defendant must exercise those rights[.]" Pa.R.Crim.P. 704(C)(3)(a); **see also** Pa.R.Crim.P. 704 cmt (explaining that it is the "duty of the judge to explain to the defendant the rights set forth in paragraph (C)(3)[,]" including the timing requirements for filing a post-sentence motion, "as clearly as possible"). Thus, the court must inform a defendant on the day of sentencing that he has 10 days within which to file a post-sentence motion and 30 days within which to file a notice of appeal from the judgment of sentence, unless the defendant files a timely post-sentence motion. Pa.R.Crim.P. 720(A)(1)-(3); **Green**, 862 A.2d at 617-18. Where a defendant files a timely post-sentence motion, he must file his notice of appeal within 30 days of the entry of the order deciding the motion or the denial of the motion by operation of law. Pa.R.Crim.P. 720(A)(2)(a), (b). An untimely post-sentence motion does not toll the 30-day appeal period. **Commonwealth v. Patterson**, 940 A.2d 493, 498 n.3 (Pa. Super. 2007).[6]

In the instant case, the court sentenced Appellant on May 5, 2023. After imposing the sentence, the court did not inform Appellant of his post-sentence

---

[6] In **Patterson**, the appellant filed an untimely post-sentence motion, which the court denied 15 days before the expiration of the appeal period. The court failed, however, to inform Patterson of his appellate rights when it denied his post-sentence motion within the direct appeal period. This Court concluded that the failure to comply with the mandatory language in Rule 720 and provide the required notice of the time for taking an appeal constituted a breakdown in court procedures that excused the filing of an otherwise untimely notice of appeal. **Patterson**, 940 A.2d at 499-500.

filing deadlines.[7]  Thirteen days later, on May 18, 2023, Appellant filed a "Post-Sentence Motion for Modification of Sentence *Nunc Pro Tunc*."  On May 25, 2023, 11 days before the expiration of the appeal period, the court entered an order summarily denying the post-sentence motion.[8]  In its order, the court made no mention of Appellant's right to appeal and the time limits within which he must file his appeal.  **See** Order, 5/25/2023, at 1.  Appellant then filed his Notice of Appeal on June 6, 2023, one day after the expiration of his appeal period.

Based on our review of the record and relevant case law, we conclude that the absence of any indication that the sentencing court clearly provided notice to Appellant of the requisite time constraints within which to seek post-sentence relief constitutes a breakdown in court procedures.  We, thus, deem

_____

[7] Although Appellant had previously completed a written plea colloquy form indicating that he understood his right to file a post-sentence motion and an appeal, the form did not list the deadlines for filing them.  Instead, the form asked Appellant to acknowledge that he viewed a videotaped explanation of his post-sentence and appeal rights and that he understood those rights. Guilty Plea Colloquy, 3/21/2023, at 2 (unpaginated). As noted above, the certified record does not include a transcript of the plea proceedings that presumably occurred on March 21, 2023.

The notes of testimony from Appellant's sentencing hearing contain what appears to be a transcription of a video informing defendants generally of their pre-trial, post-trial, and appellate rights, however, the video transcription does not specify the time periods within which to seek post-sentence review or to file an appeal.  N.T. Sentencing, 5/5/2023, at 2.

[8] Although Appellant's motion indicated that he had filed an application for permission to file the post-sentence motion *nunc pro tunc*, the record contains no such application and the court's order did not indicate that it had granted Appellant permission to file a post-sentence motion *nunc pro tunc*.

Appellant's notice of appeal timely filed so that we may proceed to address the issue raised in this appeal.

**D.**

Appellant challenges the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, in order to invoke our jurisdiction to address the discretionary aspects of his sentence, an appellant must satisfy a four-part test. ***Id.*** We evaluate: (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) "whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal" pursuant to Pa.R.A.P. 2119(f); and (4) "whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode." ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013) (citation omitted).

Here, Appellant has satisfied the first three elements by filing a Notice of Appeal, preserving the issue in a Post-Sentence Motion, and including a separate Rule 2119(f) Statement in his Brief to this Court. Thus, we consider whether Appellant has presented a substantial question for review.

An appellant raises a substantial question when he "sets forth a plausible argument that the sentence violates a provision of the [S]entencing [C]ode or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010). Bald

allegations of excessiveness, unaccompanied by a plausible argument that the sentence imposed violated a provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme, are insufficient to raise a substantial question. *Commonwealth v. Mouzon*, 812 A.2d 617, 627-28 (Pa. 2002).

Moreover, it is well-established "that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted); *see also Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) (noting that a "claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question.").

The Sentencing Code requires a sentencing court to consider, when determining a sentence, "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant" along with the sentencing guidelines. 42 Pa.C.S. § 9721(b). Where, as here, a PSI report exists, we presume "that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (citation omitted).

Appellant argues that his sentence is "manifestly excessive and clearly unreasonable" because the court sentenced him to a period of state incarceration and did not take mitigating factors into account. Appellant's Br.

- 7 -

at 4. Specifically, he asserts that the court failed to consider that he was remorseful, he did not "make excuses" for his conduct, and he identified a program through Hope Ministry that he believed would aid his rehabilitation. *Id.* at 5.

Appellant's argument that the court did not properly consider his remorse and desire for rehabilitation is belied by the record. First, the court reviewed the PSI report so we may presume that it was aware of, and considered, Appellant's history and rehabilitative needs in fashioning its sentence. Second, in determining Appellant's maximum sentence, the sentencing court explicitly acknowledged in open court that it had considered the mitigating factors that Appellant lists. *See*, *e.g.*, N.T. Sentencing at 10 (stating that it considered the PSI report, Appellant's allocution, counsels' arguments, the victim's statement, the facts of the case, and "all other relevant factors"); *see also* Sentencing Order, 5/5/2023, at 1 (same). After considering these factors, the court sentenced Appellant to a standard-range sentence of 27-54 months' incarceration on his Stalking conviction, and a consecutive, mitigated-range sentence of 3-12 months' incarceration on his Simple Assault conviction, for an aggregate sentence of 30-66 months.[9]

---

[9] Appellant's Prior Record Score ("PRS") is 5. The Offense Gravity Score ("OGS") for Stalking, a third-degree felony, is 6. Therefore, the standard range is 21-27 months' incarceration. The OGS for Simple Assault, a second-degree misdemeanor, is 3. Therefore, the standard range is 6-12 months, minus 3 months for the mitigated range.

Appellant's wish that the court weighed these factors differently does not raise a substantial question. ***Zirkle***, 107 A.3d at 133.

**E.**

Because Appellant has failed to present a substantial question, this Court has no jurisdiction to review Appellant's challenge to the discretionary aspects of his sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  2/28/2024